**CUDDY & FEDER, LLP**
445 Hamilton Avenue, 14th Floor
White Plains, New York 10601
Phone: (914) 761-1300
Fax:    (914) 761-5372

Joshua E. Kimerling (JK 0053)
*Attorneys for Plaintiff, Hydric, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
HYDRIC, INC.,

                          Plaintiff,

-against-

MCDONALD'S CORPORATION,

                          Defendant.
-----------------------------------------------------------------------X

**REPLY TO COUNTERCLAIMS**

07 CV. 5700 (SCR)

       Plaintiff, Hydric, Inc. ("Plaintiff"), by its attorneys, Cuddy & Feder LLP, as and for its Reply to Counterclaims, hereby alleges as follows:

       1.    Admits that McDonald's has filed counterclaims which relate to an invalid purchase option concerning a .64 acre parcel of property (the "Premises") on which McDonald's operates a restaurant, and denies the balance of the allegations in paragraph 1 of the counterclaim.

       2.    Denies each and every allegation mentioned and set forth in paragraph 2 of the counterclaim, except admits that this action arises out of the documents referenced therein, and respectfully leaves to the Court the legal significance and meaning of the documents referenced therein.

       3.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations mentioned and set forth in paragraph 3 of the counterclaim.

       4.    Admits the allegations mentioned and set forth in paragraph 4 of the counterclaim.

5. Admits the allegations mentioned and set forth in paragraph 5 of the counterclaim.

6. Admits that Hydric is the owner of the Premises and lessor under the Lease, and denies the balance of the allegations of paragraph 6 of the counterclaim.

7. Denies each and every allegation mentioned and set forth in paragraph 7 of the counterclaim, and respectfully refers the Court to the Lease for a full and accurate reading of same.

8. Denies each and every allegation mentioned and set forth in paragraph 8 of the counterclaim, and respectfully refers the Court to the Ground Lease and Easement Supplement for a full and accurate reading of same.

9. Denies each and every allegation mentioned and set forth in paragraph 9 of the counterclaim, except admits that the Ground Lease and Easement Supplement were entered into, and at such time, the Premises were not improved with any structure.

10. Denies each and every allegation mentioned and set forth in paragraph 10 of the counterclaim, and respectfully refers the Court to the Ground Lease and Lease Supplement for a full and accurate reading of same.

11. Denies each and every allegation mentioned and set forth in paragraph 11 of the counterclaim, and respectfully refers the Court to the Ground Lease for a full and accurate reading of same.

12. Denies each and every allegation mentioned and set forth in paragraph 12 of the counterclaim, and respectfully refers the Court to the Ground Lease for a full and accurate reading of same.

13. Denies each and every allegation mentioned and set forth in paragraph 13 of the counterclaim, and respectfully refers the Court to the Ground Lease for a full and accurate reading of same.

14. Denies each and every allegation mentioned and set forth in paragraph 14 of the counterclaim, except admits that a First Amendment was entered into, and respectfully refers the Court to the First Amendment for a full and accurate reading of same.

15. Denies each and every allegation mentioned and set forth in paragraph 15 of the counterclaim, and respectfully refers the Court to the Ground Lease, Easement Supplement and First Amendment for a full and accurate reading of same.

16. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations mentioned and set forth in paragraph 16 of the counterclaim, except admits that FRIC constructed a restaurant on the Premises and opened for business.

17. Denies each and every allegation mentioned and set forth in paragraph 17 of the counterclaim, except admits that a Second Amendment was entered into in or about May 19, 1980, and a drive-thru has been constructed.

18. Denies each and every allegation mentioned and set forth in paragraph 18 of the counterclaim, except admits that a Declaration of Covenants and restrictions was entered into in or about January 1981, and respectfully refers the Court to the Declaration for a full and accurate reading of same.

19. Denies each and every allegation mentioned and set forth in paragraph 19 of the counterclaim, except admits that Hydric, Inc. is the owner in fee of the Premises.

20. Admits the existence of the referenced deed, and denies the balance of the allegations in paragraph 20 of the counterclaim.

21. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations mentioned and set forth in paragraph 21 of the counterclaim.

C&F: 774067.1

22. Denies each and every allegation mentioned and set forth in paragraph 22 of the counterclaim, except admits the existence of a February 9, 1998 letter, and respectfully refers the Court to said letter for a full and accurate reading of same.

23. Denies each and every allegation mentioned and set forth in paragraph 23 of the counterclaim, except admits the existence of a March 9, 2007 letter, and respectfully refers the Court to said letter for a full and accurate reading of same.

24. Denies each and every allegation mentioned and set forth in paragraph 24 of the counterclaim, except admits that on or about November 15, 2006, Hydric obtained an amended site plan approval regarding its property and respectfully refers the Court to the amended site plan resolution for a full and accurate reading of same.

25. Denies each and every allegation mentioned and set forth in paragraph 25 of the counterclaim.

26. Denies each and every allegation mentioned and set forth in paragraph 26 of the counterclaim.

27. Admits that Hydric, Inc. did not notify the reviewing agencies and personnel in Hyde Park of the unenforceable purchase option, and denies any obligation to do so.

28. Denies each and every allegation mentioned and set forth in paragraph 28 of the counterclaim, and respectfully refers the Court to the Lease for a full and accurate reading of same.

29. Denies each and every allegation mentioned and set forth in paragraph 29 of the counterclaim, except admits the existence of an April 3, 2007 letter, and respectfully refers the Court to said letter for a full and accurate reading of same.

C&F: 774067.1

30. Denies each and every allegation mentioned and set forth in paragraph 30 of the counterclaim, except admits that Hydric has rejected McDonald's purported exercise of the unenforceable purchase option.

31. Denies each and every allegation mentioned and set forth in paragraph 31 of the counterclaim, and respectfully refers the Court to the Ground Lease and Easement Supplement for a full and accurate reading of same.

32. Denies each and every allegation mentioned and set forth in paragraph 32 of the counterclaim, and respectfully refers the Court to the Ground Lease for a full and accurate reading of same.

33. Denies each and every allegation mentioned and set forth in paragraph 33 of the counterclaim, except admits that FRIC constructed a restaurant premises on the site and has operated the restaurant after its construction.

34. Denies each and every allegation mentioned and set forth in paragraph 34 of the counterclaim.

35. Denies each and every allegation mentioned and set forth in paragraph 35 of the counterclaim, except admits that Hydric acquired the Premises.

36. Denies each and every allegation mentioned and set forth in paragraph 36 of the counterclaim.

37. Denies each and every allegation mentioned and set forth in paragraph 37 of the counterclaim.

38. Denies each and every allegation mentioned and set forth in paragraph 38 of the counterclaim, except admits that the Premises constitute a portion of Hydric, Inc.'s larger tract.

39. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations mentioned and set forth in paragraph 39 of the counterclaim.

C&F: 774067.1

40. Denies each and every allegation mentioned and set forth in paragraph 40 of the counterclaim, except admits the existence of an April 3, 2007 letter, and respectfully refers the Court to said letter for a full and accurate reading of same.

41. Denies each and every allegation mentioned and set forth in paragraph 41 of the counterclaim.

42. Denies each and every allegation mentioned and set forth in paragraph 42 of the counterclaim, except admits the existence of a May 5, 2006 letter from Hydric, Inc., and respectfully refers the Court to said letter for a full and accurate reading of same.

43. Denies each and every allegation mentioned and set forth in paragraph 43 of the counterclaim, except admits the existence of a March 2, 2007 letter, and respectfully refers the Court to said letter for a full and accurate reading of same.

44. Denies each and every allegation mentioned and set forth in paragraph 44 of the counterclaim, except admits the existence of a May 9, 2007 letter from McDonald's, which was responded to by Hydric, Inc.'s counsel's letter dated May 18, 2007, which stated, in relevant part, as follows:

> "We represent Hydric Inc. and have been provided with a copy of your May 9, 2007 letter to our client. Please direct any further communications regarding this matter to my attention.
>
> I have reviewed your letter and am familiar with the cases included therein. The cases that you refer to in order to support your argument that the purported purchase option is valid do nothing of the sort. Those cases do not stand for the proposition that you allege, and, in fact, your overly broad and incorrect reading of those cases is refuted by more recent applicable New York law. See, e.g., Herrmann v. AMD Realty Inc., 8 A.D.3d 619, 779 N.Y.S.2d 560 (2nd Dept. 2004), aff'g, 1 Misc.3d 586, 765 N.Y.S.2d 232 (Sup. Ct. West. Co. 2003)."

45. Denies each and every allegation mentioned and set forth in paragraph 45 of the counterclaim, and respectfully refers the Court to the Easement Supplement and Lease for a full and accurate reading of same.

46. Denies each and every allegation mentioned and set forth in paragraph 46 of the counterclaim.

47. Denies each and every allegation mentioned and set forth in paragraph 47 of the counterclaim.

48. Denies each and every allegation mentioned and set forth in paragraph 48 of the counterclaim.

49. Admits the allegations of paragraph 49 of the counterclaim, which are irrelevant inasmuch as the purchase option is void *ab initio* and unenforceable from its outset, regardless of any subsequent actions.

50. Denies each and every allegation mentioned and set forth in paragraph 50 of the counterclaim.

51. Denies each and every allegation mentioned and set forth in paragraph 51 of the counterclaim.

52. Denies each and every allegation mentioned and set forth in paragraph 52 of the counterclaim.

53. Denies each and every allegation mentioned and set forth in paragraph 53 of the counterclaim.

54. Denies each and every allegation mentioned and set forth in paragraph 54 of the counterclaim.

55. Denies each and every allegation mentioned and set forth in paragraph 55 of the counterclaim.

56. Denies each and every allegation mentioned and set forth in paragraph 56 of the counterclaim.

C&F: 774067.1

57. Denies each and every allegation mentioned and set forth in paragraph 57 of the counterclaim.

58. Denies each and every allegation mentioned and set forth in paragraph 58 of the counterclaim.

59. Denies each and every allegation mentioned and set forth in paragraph 59 of the counterclaim.

60. Denies each and every allegation mentioned and set forth in paragraph 60 of the counterclaim.

61. Denies each and every allegation mentioned and set forth in paragraph 61 of the counterclaim.

62. Denies each and every allegation mentioned and set forth in paragraph 63 of the counterclaim.

63. Denies each and every allegation mentioned and set forth in paragraph 64 of the counterclaim.

64. Denies each and every allegation mentioned and set forth in paragraph 65 of the counterclaim.

65. Denies each and every allegation mentioned and set forth in paragraph 66 of the counterclaim.

**FIRST AFFIRMATIVE DEFENSE**

66. The Third Counterclaim fails to state a claim upon which relief may be granted because under New York law, a cause of action alleging a breach of good faith is not a separate and independent cause of action, and is duplicative of a cause of action alleging breach of contract.

**SECOND AFFIRMATIVE DEFENSE**

67. The Second Cause of action fails to state a claim for which relief can be granted.

C&F: 774067.1

### THIRD AFFIRMATIVE DEFENSE

68. The Defendant has failed to mitigate its purported damages.

### FOURTH AFFIRMATIVE DEFENSE

69. Defendant's claims are barred by the terms of the Lease, which preclude any waiver unless in writing executed by both parties; therefore, there can be no waiver of any right or claim asserted by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

70. Defendants have, at all times, proceeded at their own risk, and continue to do so.

**WHEREFORE**, Plaintiff respectfully requests that the relief set forth in the Complaint be granted in its entirety, with legal fees and costs assessed against Defendant pursuant to Section 23F of the Lease, the counterclaims be dismissed in their entirety, and Plaintiff be awarded such other, further and different relief as to this Court may seem just and proper.

Dated: White Plains, New York
June 29, 2007

**CUDDY & FEDER LLP**
Attorneys for Plaintiff
445 Hamilton Avenue, 14th Floor
White Plains, New York 10601
(914) 761-1300

By: _____
Joshua E. Kimerling (JK 0053)

## VERIFICATION

STATE OF NEW YORK        )
                         ss.:
COUNTY OF DUTCHESS       )

ROBERT L. BAXTER, being duly sworn, deposes and says:

I am the President of Hydric, Inc., Plaintiff in the above-captioned action and I have read the Verified Reply to Counterclaims and all exhibits and the same is true to my knowledge except as to any information alleged upon information and belief and as to any such information I believe the same to be true based on the books and records which I maintain.

*[signature]*
ROBERT L. BAXTER

Sworn to before me this
29 day of June, 2007

*[signature]*
Notary Public

CHERYL L. SILVERMAN
Notary Public, State of NY
Qualified in Ulster County
Reg. No. 01SI6006462
Commission Expires: 4/13/2010

C&F: 774067.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HYDRIC, INC.,

                         Plaintiff,        **AFFIDAVIT OF SERVICE**

-against-                              07 CV. 5700 (SCR)

MCDONALD'S CORPORATION,

                         Defendant.
------------------------------------------------------------------X

    I hereby certify that on July 5, 2007, a copy of the foregoing:

**PLAINTIFF HYDRIC, INC.'S REPLY TO
DEFENDANT MCDONALD'S CORPORATION'S COUNTERCLAIMS**

    was filed through the Electronic Filing Case (E.C.F.) procedure under the United States District Court of Southern New York's local rules and served upon Defendant McDonald's Corporation via first class mail and via email through E.C.F. to:

John M. Marmora
Kirkpatrick & Lockhart Preston Gates Ellis, LLP
One Newark Center, 10th Floor
Newark, New Jersey 07102
(973)-848-4000 Tel.
Email: jmarmora@klng.com


Dated: July 5, 2007
       White Plains, New York

                                                          Joshua E. Kimerling (JK0053)
                                                          CUDDY & FEDER LLP
                                                          Attorneys for Plaintiff
                                                           445 Hamilton Avenue, 14th Floor
                                                           White Plains, New York 10601
                                                          (914) 761-1300 Tel.

C&F: 774067.1